# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2304

_____

| | | |
|---|---|---|
| Stutsman County State Bank, | * | |
| Jamestown, North Dakota, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Federal |
| | * | Deposit Insurance Corporation |
| Federal Deposit Insurance | * | |
| Corporation, | * | [TO BE PUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: February 16, 2000

Filed: March 27, 2000

_____

Before McMILLIAN, LAY and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.

Stutsman County State Bank (Stutsman) petitions for review of a decision and order issued by the Federal Deposit Insurance Corporation (FDIC) Board of Directors (Board) ordering Stutsman to reimburse credit card holders for failing to disclose a processing fee, in violation of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1693, and Regulation Z of the Board of Governors of the Federal Reserve System, 12 C.F.R. pt. 226.

The Board had jurisdiction to issue its decision and order pursuant to 15 U.S.C. § 1607(a)(1)(C). We have jurisdiction to review the Board's decision and order pursuant to 12 U.S.C. § 1818(h)(2).

During a period of nearly two years beginning in August 1996, Stutsman assessed and collected a one-time processing fee for each credit account opened pursuant to a particular open-ended credit plan, without disclosing the processing fee in the Initial Disclosure Statement. Following a compliance examination on June 13, 1996, the FDIC preliminarily determined that Stutsman's nondisclosure of the processing fee on the Initial Disclosure Statement violated the TILA and Regulation Z. The FDIC notified Stutsman that a hearing on the matter would be held before an administrative law judge (ALJ).

The parties submitted stipulated findings of fact and other forms of documentary evidence to the FDIC. See Joint Appendix at 11-53. The parties stipulated, among other things, that the processing fees in question varied from $27.00 to $59.00 and that they cumulatively affected approximately 25,640 active accounts, for a total of approximately $1,470,938. See id. at 13. Stutsman presented evidence to show that it had disclosed the processing fee in a script read to credit applicants over the telephone and in written credit approval letters and that a third party had generated and mailed the Initial Disclosure Statements pursuant to a contract with Stutsman. See id. at 36-49.

The ALJ concluded that Stutsman had engaged in a clear and consistent pattern or practice of violations, requiring reimbursement of the affected customers under 15 U.S.C. § 1607(e)(1), and that waiver of the reimbursement requirement was not warranted under any of the exceptions in 15 U.S.C. § 1607(e)(2)(A)-(D). See In re Stutsman County State Bank, No. FDIC-97-28b (FDIC Oct. 15, 1998) (ALJ's recommended order on cross-motions for summary disposition) (citing First Nat'l Bank v. Office of the Comptroller of Currency, 956 F.2d 1456 (8th Cir. 1992) (affirming

reimbursement order where bank, over a period of approximately two years, committed almost 700 disclosure errors involving a composite interest rate)).  Upon review of the ALJ's findings and recommendation, the Board affirmed and adopted the ALJ's conclusions.  See id. (Apr. 20, 1999) (Board's decision and order disposing of cross-motions for summary disposition).

We have carefully reviewed the ALJ's findings and recommendations, the Board's decision and order, the record on appeal, and the arguments of the parties.  We deny the petition for review because the Board's factual findings are supported by substantial evidence on the record as a whole and because the Board has thoroughly examined the relevant data and has articulated a satisfactory explanation for its legal conclusions, including a rational connection between its findings of fact and the remedy imposed.  See Citizens State Bank v. FDIC, 718 F.2d 1440, 1443 (8th Cir. 1983) (setting forth standard of review).

Stutsman's petition for review of the Board's decision and order is denied.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-